UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
ROSAURA RODRIGUEZ,

                                    Plaintiff,

     -against-

P.O. Nilsa Patricio, 44th Precinct NYPD; Sgt John SGT. DOE 2, 44th Precinct NYPD; Inspector Dermot F. Shea, 44th Precinct NYPD, Raymond Kelly, NYPD Commissioner; NYC,

                                  Defendants.
_____X

**VERIFIED COMPLAINT**

**11-CV-515**

CIVIL ACTION

Jury Trial Requested

**NOW COME** the Plaintiff, **ROSAURA RODRIGUEZ,** by and through her attorney, **D. Andrew Marshall, Esq**. for her Complaint against the Defendants, respectfully shows to ther Court and allege:

## **VENUE AND JURISDICTION**

1. That Jurisdiction is founded upon the existence of a Federal Question.

2. That this an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New York.

3. That Jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth, Eight and Fourteenth Amendments to the Constitution of the United

States (42 U.S.C. §1983) and arising under the law and statutes of the State of New York.

4. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of SEVEN-FIVE THOUSAND ($75,000.00) DOLLARS.

## PARTIES:

5. That upon information and belief the Plaintiff **ROSAURA RODRIGUEZ, HEREINAFTER PLAINTIFF,** is a citizen of the United States and a resident of the City of New York, County of the Bronx, State of New York.

6. Upon information and belief, that at all times, hereinafter mentioned, the **Defendant THE CITY OF NEW YORK** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, that at all times, hereinafter mentioned, the Defendant **THE CITY OF NEW YORK**, its agents, servants and employees operated, maintained and controlled the **New York Police Department**, including all the police officers thereof.

8. Upon information and belief, at all times hereinafter r mentioned, and on or prior to July 21, 2010 and at all other relevant times, **Defendant P.O. NILSA PATRICIO, 44th Precinct NYPD,** hereinafter **"Defendant Patricio,"** was employed by Defendants, **THE CITY OF NEW YORK**, as a police officer.

9. Upon information and belief, at all times hereinafter mentioned, and on or prior to July 21, 2010 and at all other relevant times, Defendant **P.O. SGT. JOHN SGT. DOE 2, 44th Precinct NYPD,** hereinafter **"Defendant Sgt. SGT. DOE 2,"** was employed by Defendants, **THE CITY OF NEW YORK** as a police officer

10. Upon information and belief, that at all times hereinafter mentioned, and on or prior to July 21, 2010 and at all other relevant times**, Defendant Inspector Dermot F. Shea**, **44th Precinct NYPD,** hereinafter **"Defendant Shea,"** was employed by Defendants, THE CITY OF NEW YORK, as a police officer.

11. Upon information and belief, **Defendant Raymond Kelly**, hereinafter "**Defendant Kelly**" was Police Commissioner of the New York City Police Department.

12. Upon information and belief, the Defendant NYC and Defendant Kelly devised and authorized policies and practices geared towards stopping, strip-searching, body-cavity searching and violently seizing civilians in circumvention of the Constitutional and civil rights of said civilians.

13. Upon information and belief, the Defendant NYC and Defendant Kelly thereafter condoned individual Defendant police officers hereinafter stopping, strip-searching, body-cavity searching and violently seizing civilians who had not violated the law and then falsely charging them with having violated the law, then filing false criminal complaints and arrest reports after having arrested, and humiliating them.

14. Ther action arises under the United States Constitution, particularly under provisions of the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, § 1983 as well as the rights under the Constitution and laws of the State of New York,

15. Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances,

regulations, customs and usages of the State of New York, the City of New York and the County of Bronx, and under the authority of their office as police officers of said state, city and county.

## PENDANT STATE CLAIMS:

16. That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest **was served** upon the Comptroller of Defendants THE CITY OF NEW YORK.

17. That pursuant to §50(h) of the General Municipal Law hearings have been held.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ROSAURA RODRIGUEZ: CIVIL RIGHTS ACTION 42 USC §1983

18. PLAINTIFF, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 17 with the same force and effect as if more fully and at length set forth HEREIN.

19. On or about July 21, 2010 at approximately 2 a.m. in the vicinity of 169th Street and Walton Avenue on a public street, Bronx County, City, and State of New York the PLAINTIFF was operating a motor vehicle with no criminality afoot.

20. At the time and place thereof, **Defendant PATRICIO and Defendant SGT. DOE 2** were conducting official police business, to wit, arbitrarily stopping motor vehicle, and

thereafter interrogating, arresting and searching the operators as part of the policy, practice and custom of the 44th Precinct.

21. That on the relevant date, time and place Plaintiff was unarmed, unthreatening and had not violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time that created a basis for **Defendant PATRICIO and Defendant SGT. DOE 2** to stop her.

22. That on the relevant date, time and place neither **Defendant PATRICIO nor Defendant SGT. DOE 2** reasonably believed, reasonably suspected or had probable cause to believe that Plaintiff was armed, threatening, had violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

23. That on the relevant date, time and place **Defendant PATRICIO and Defendant SGT. DOE 2**, executed an automobile stop without a warrant, consent, probable cause or other legal authority and prevented Plaintiff from leaving area by force or threat of excessive or deadly force.

24. That on the relevant date, time and place **Defendant PATRICIO and Defendant SGT. DOE 2**, demanded **Plaintiff** to produce her driver's license, registration and insurance card and thereafter interrogated her at length.

25. That on the relevant date, time and place Plaintiff unwittingly was driving with a suspended driver's license.

26. That on the relevant date, time and place, **Defendant PATRICIO and Defendant SGT. DOE 2,** arrested Plaintiff and charged her with having violated the New York

State Vehicle and Traffic Law, to wit, Unlicensed Operation of a Motor Vehicle, a non-violent, unclassified misdemeanor offense.

27. That on the relevant date, time and place, **Defendant PATRICIO and Defendant SGT. DOE 2** removed Plaintiff from the scene and escorted her to the 44th Precinct located at 2 East 169th Street, Bronx County, City, and State of New York.

28. That on the relevant date, time and place inside of the 44th Precinct, **Defendant PATRICIO** without probable cause, consent, other legal authority or first having sought authorization from **SGT. DOE 2** or otherwise, removed **Plaintiff** to a bathroom and subjected **Plaintiff** to a strip-searched.

29. That on the relevant date, time and place inside of said bathroom inside of the 44th Precinct, **Defendant PATRICIO malevolently touched Plaintiff's breasts resulting in a laceration thereto.**

30. That on the relevant date, time and place, **Defendant SGT. DOE 2** the deliberately indifferent as she stood by as the crisis unfolded and ignored Plaintiff's vociferous complaint of this egregious and invidious violation.

31. That on the relevant date, time and place, **Defendant SGT. DOE 2,** rather than intervene on Plaintiff's behalf, **Defendant SGT. DOE 2 thereafter returned Plaintiff to said bathroom, ordered her to remove her clothes under threat of force and subjected Plaintiff to a body cavity search, searching Plaintiff's genitals and anus for alleged contraband.**

32. That on the relevant date, time and place, **Defendant PATRICIO and Defendant SGT. DOE 2 were** deliberate in their actions and omissions.

6

33. As a consequence of the Defendants' conscious acts and deliberate omissions, Plaintiff was assaulted and battered by virtue of a forced body-cavity search.

34. That on the relevant date, time and place, **Defendant PATRICIO and Defendant SGT. DOE 2** were malicious and reckless in their actions.

35. That on the relevant date, time and place, **Defendant PATRICIO and Defendant SGT. DOE 2** knew that they lacked probable cause to trip-search or body-cavity search the **Plaintiff,** but nevertheless conspired to isolated her in a precinct bathroom and subject her to baseless body-cavity searches without any conduct on the part of the Plaintiff to so warrant.

36. At the time and place thereof Plaintiff registered a complaint with an alleged desk sergeant who was present at the 44th Precinct as this crisis and identified **Defendant PATRICIO and Defendant SGT. DOE 2** as the perpetrators, and said allegations were never specifically denied by them.

37. At the time and place thereof, rather than properly evaluate Plaintiff's claims of violation of her rights and person, or properly investigate same, the Defendant Shea, Defendant Kelly, Defendant THE CITY OF NEW YORK and their agents, servants and employees dismissed **Plaintiff** and proceeded to process her arrest.

38. That at all times hereinafter mentioned, the Defendants were employed in their respective capacities by the Defendant, THE CITY OF NEW YORK, and were acting under the color of title official capacity and their acts were performed under the color of title of the policies, statutes, ordinances, rules and regulations of the City of New York.

39. That at all times hereinafter mentioned, the Defendants were acting pursuant to order directives from the Defendant, the Defendant Shea, Defendant Kelly, Defendant THE CITY OF NEW YORK

40. That at all times hereinafter mentioned, the Defendants herein entered into a tacit agreement and nefarious scheme to wrongfully deprive the Plaintiff and compel her and those similarly situated to abandon their rights and privileges as set forth in the Constitution of the United States of America, and the Constitution of the State of New York.

41. That at all times hereinafter mentioned, the Defendants police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: under the color of title of the policies, statutes, ordinances, rules and regulations promulgated by the Defendant Shea, Defendant Kelly, and Defendant THE CITY OF NEW YORK.

42. That at all times hereinafter mentioned the City of New York and the Defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the Plaintiff and deprived Plaintiff of the rights, liberties, privileges and immunities secured to Plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States, to wit :

    a) The right of the PLAINTIFF to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States

      b)    the right of the PLAINTIFF to be informed of the nature and cause of the accusation against her secured to her under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

      c)    the right of the PLAINTIFF not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States.

43. That at all times hereinafter mentioned, although the Defendants knew or should have known of the fact that the conduct herein alleged was carried out by their agents, servants, and employees, the Defendant Shea, Defendant Kelly, and Defendant THE CITY OF NEW YORK did not take any steps or make any efforts to halt ther course of conduct, to make redress to the PLAINTIFF or to take any disciplinary action whatever against any of their employees or agents, including but not limited to **Defendant PATRICIO and Defendant SGT. DOE 2**.

44. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees violated 42 U.S.C. §1983 in that they acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of New York, subjected or caused to be subjected, a citizen of the United States or other person within the jurisdiction, particularly PLAINTIFF, to be deprived of her rights, privileges or immunities guaranteed by Constitution of the United States of America, and provided to her in the Constitution of the State of New York.

45. That by reason of the Defendants' aforesaid violations, acts and omissions, the Defendants, acting within the scope of their authority and without any probable cause, caused the PLAINTIFF great harm and deprivation.

46. That by reason of the aforesaid assault, battery, illegal search and otherwise, the PLAINTIFF was deprived of her constitutional and civil rights, was subjected to great indignity, pain, humiliation, and great distress of mind and body, was held up to scorn and ridicule, was injured in her character and reputation in the community, was prevented from attending her usual business and vocation, and the said PLAINTIFF has been otherwise damaged.

47. That by reason of the unlawful detainment, false arrest and false imprisonment, assault and battery, deprivation of constitutional and civil rights, this innocent PLAINTIFF, the PLAINTIFF has been damaged in the sum of THIRTY MILLION ($30,000,000.00) dollars.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF: PUNITIVE DAMAGES AGAINST DEFENDANT PATRICIO AND DEFENDANT SGT. DOE 2

48. The PLAINTIFF, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully and at length set forth herein.

49. That the PLAINTIFF seeks punitive damages against each and every individually named Police Officer and DEFENDANT PATRICIO AND DEFENDANT SGT. DOE

2, in particular to deter him and other like-minded individuals from engaging in the use of excessive force, unlawful imprisonment, false arrest and malicious prosecution future similar conduct.

50. That by reason of the aforesaid acts and omissions Plaintiff was: deprived of liberty; subjected to great indignity, pain, humiliation, great distress of mind and body; held up to scorn and ridicule; injured in her character and reputation; was prevented from attending her usual business and vocation; was injured in her reputation in the community and the said Plaintiff have been otherwise damaged.

51. The aforesaid threat of force, assault, battery, illegal strip search and illegal body cavity search in the context of a New York State Vehicle and Traffic Law Infraction constitute extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing constitutional deprivations as well as severe emotional distress.

52. The aforesaid threat of force, assault, battery, illegal strip search and illegal body cavity search was extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing a substantial deprivation and severe emotional distress, did in fact proximately and directly cause the Plaintiff' a substantial deprivation and severe emotional distress.

53. The aforesaid threat of force, assault, battery, illegal strip search and illegal body cavity search was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

11

54. That by reason of the threat of force, assault, battery, illegal strip search and illegal body cavity search this innocent PLAINTIFF, Plaintiff request the following relief:

    a) Compensatory damages in the sum of THIRTY MILLION ($30,000,000.00) DOLLARS for each cause of action;

    b) Punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS for each cause of action.

    c) An award of reasonable attorney's fees, costs and disbursements;

    d) Plaintiff requests a trial by jury of all issues involved in this complaint;

    e) Such other and further relief as this Court may deem just, meet and proper under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF: ATTORNEY FEES 42 U.S.C. §1988

55. The Plaintiff repeats, reiterates, re-alleges and incorporates paragraphs numbered 1 through 54 inclusive as if fully set forth herein and Plaintiff further alleges:

56. That in the event the Court or jury determines that the Plaintiff's civil rights have been violated under 42 U.S.C. §§1981, 1983, 1985(3) or her state claims and she is victorious upon a related claim herein, she demands attorney fees to compensate him and/or her attorneys for their time, expenses, disbursements, and efforts in prosecuting her claim.

57. That the Plaintiff is entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting her claim against the individually named police officer pursuant to 42 U.S.C. §1988.

## AS AND FOR FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: ASSAULT AND BATTERY

58. The Plaintiff, hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 57 above with the same force and effect as if more fully and at length set forth herein.

59. Defendant PATRICIO and Defendant SGT. DOE 2 assaulted and battered the Plaintiff on the date, place and time in question.

60. Defendant PATRICIO and Defendant SGT. DOE 2 with specific and deliberate intent interfered with and deprived the Plaintiff of her personal rights, liberties, privileges and immunities secured to her by the Constitution of the United States, The New York State Constitution.

61. Defendant PATRICIO and Defendant SGT. DOE 2 knew or had reason to know that Plaintiff had acted in a manner on the date and time in question that gave the defendants probable cause to perform neither a body-cavity search nor a strip-search.

62. Defendant PATRICIO and Defendant SGT. DOE 2 knew or had reason to know that forcibly removing Plaintiff's clothes or threatening the use of force to compel Plaintiff to remove her clothes in order while asserting authority, broadcasting their intent and

13

taunting Plaintiff would have resulted in a certain and unjustified harm and apprehension.

63. Defendant PATRICIO and Defendant SGT. DOE 2 knew or had reason to know that forcibly removing Plaintiff's clothes or threatening the use of force to compel Plaintiff to remove her clothes and exposing her breast, genitals and anus would result in unwanted physical contact.

64. Defendant PATRICIO and Defendant SGT. DOE 2 knew or had reason to know that Plaintiff objected to the treatment because she then and there vociferously decried the acts as flagrantly foul.

65. Defendant PATRICIO and Defendant SGT. DOE 2 were at all times unreasonable, grossly negligent and reckless in their actions towards Plaintiff.

66. Plaintiff was at all times conscious and aware of the imminent brutality and escalation of an unjustified intrusion, egregious acts and gross omission as it unfolded and culminated into a strip search followed by a body cavity search.

67. Plaintiff experienced a humiliation and loss of dignity unparalleled in their lives and vigorously protested the Defendants' unjustified physical contact before, during and after its occurrence.

68. That by reason of the aforesaid assault, battery, illegal strip search and illegal body-cavity search Plaintiff was: deprived of liberty, subjected to great indignity, pain, humiliation, great distress of mind and body; held up to scorn and ridicule; injured in character and reputation, and the said Plaintiff has been otherwise damaged.

14

69. The aforesaid assault, battery, illegal strip search and illegal body-cavity search constitute extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing, severe emotional distress.

70. The aforesaid assault, battery, illegal strip search and illegal body-cavity search was extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing severe emotional distress, did in fact proximately and directly cause the Plaintiffs' severe emotional distress.

71. The aforesaid assault, battery, illegal strip search and illegal body-cavity search was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

72. By reason of the aforesaid, Plaintiff has been damaged in the sum of THIRTY MILLION ($30,000,000.00) DOLLARS.

## AS AND FOR FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: MONELL CLAIM AGAINST CITY OF NEW YORK

73. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 72 above with the same force and effect as if more fully and at length set forth HEREIN.

74. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff.

75. Upon information and belief, the City of New York, at all relevant times, was aware

that the defendants are unfit officers who have previously committed the acts alleged herein have a propensity for unconstitutional conduct, or have been inadequately trained.

76. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrains, supervises, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

77. In addition, the following are City policies, practices and customs:

    (a)    arresting innocent individuals, based on a pretext, in order to meet productivity goals;

    (b)    fabricating evidence against individuals;

    (c)    using and threatening the use of excessive force on individuals;

    (d)    retaliating against individuals who engage in free speech.

    (e)    performing baseless strip-searches on individual for minor offenses as a matter of course, and

    (f)    performing baseless body-cavity searches on individual for minor offenses as a matter of course

78. By reason of the aforesaid, Plaintiff has been damaged in the sum of THIRTY

MILLION ($30,000,000.00).

DATED: New York, New York
January 11, 2011

/S/
_____
D. Andrew Marshall, Esq.
Attorney for the PLAINTIFF
225 Broadway Suite 1804
New York, New York 10007
Tel. (212) 571-3030
Fax (212) 587-0570
marshall.law4@verizon.net

## **VERIFICATION**

STATE OF NEW YORK   )
                                          ) Ss:
COUNTY OF                  )

**ROSAURA RODRIGUEZ** being first duly sworn hereby deposes and says that:

    **1.**    I am the Plaintiff in this action.

    **2.**    I am over eighteen years of age and reside in Bronx County, in the City of New York.

    **3.**    I verify that the statements made to my attorney are true to the best of my knowledge and belief.

    **4.**    All allegations made which are based upon information and belief are made after consultation with my attorney and on the bases of the information available at me at this time.

    **5.**    I further verify that I have read the forgoing Complaint and that I know the contents thereof; the same is true to my knowledge, except to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.

/S/
_____
**ROSAURA RODRIGUEZ**

State of New York   )
County of New York   ) Ss.:

On _____ 2011, before me, the undersigned, personally appeared **ROSAURA RODRIGUEZ,** personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in her/her/their capacity(ies), and that by her/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
**(signature and office of the individual taking acknowledgment)**

18

## ATTORNEY'S VERIFICATION

**D. Andrew Marshall, Esq.,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am the attorney of record for Plaintiff in the instant action. I have read the annexed

## VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Dated:   New York, New York
         The  11   day of JANUARY 2011

_____
D. Andrew Marshall, Esq.
Attorney for the PLAINTIFF
225 Broadway Suite 1804
New York, New York 10007
(212) 571-3030 (office)
(212) 587-0570 (facsimile)

State of New York   )
County of New York         ) Ss.:

On January   11    2011, before me, the undersigned,  personally appeared **D. Andrew Marshall, Esq.**, personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in her/her/their capacity(ies), and that by her/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
**(signature and office of the individual taking acknowledgment)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSAURA RODRIGUEZ,<br><br>                              Plaintiff,<br>        -against-<br><br>P.O. Nilsa Patricio, 44th Precinct NYPD; Sgt John SGT. DOE 2, 44th Precinct NYPD; Inspector Dermot F. Shea, 44th Precinct NYPD, Raymond Kelly, NYPD Commissioner; NYC,<br><br>                              Defendants. | **VERIFIED COMPLAINT**<br><br>CIVIL ACTION<br><br>Jury Trial Requested |

**D. ANDREW MARSHALL, ESQ.**
Attorney(s) for the PLAINTIFF
225 Broadway, Suite 1804
New York, New York 10007
Tel.(212)571-3030

**To: COUNSEL for THE DEFENDANTS: Mr. Michael A. Cardozo, Esq.,** Corporation Counsel 100 Church St., New York, New York 10007

| | |
|---|---|
| Service of a copy of the within COMPLAINT | /S/ _____<br>**Attorney(s) for THE PLAINTIFF** |

**Counselor(s) : Please Take notice**

**NOTICE OF ENTRY**
that the within is a (certified) true copy of a SUMMMONS and VERIFIED COMPLAINT
duly entered order in the office of the clerk of the within named court on

**NOTICE OF SETTLEMENT**
that an order for Of which the within is a true copy will be presented for settlement to the HON. one
of the justices of the within named Court at the within is a (certified) true copy of a
duly entered.