USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-15-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
Rosaura Rodriguez,

        Plaintiff,

        - against -

PO Nilsa Patricio, Sgt Linda Pagan,
Inspector Dermot F. Shea, Comm.
Raymond Kelly, NYC,

        Defendants.
------------------------------X

11 Civ. 0515 (ALC)(GWG)

MEMORANDUM & ORDER

**ANDREW L. CARTER, JR.**, United States District Judge:

I. Introduction

    Plaintiff Rosaura Rodriguez brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants the City of New York ("City"), Officer Nilsa Patricio, Sergeant Linda Pagan, Inspector Dermot F. Shea, and Commissioner Raymond Kelly (collectively "Defendants"). Defendants moved for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing Plaintiff fails to show: (1) individual or supervisory liability against Defendants Shea and Kelly; and (2) municipal liability against the City. Since Plaintiff's Amended Complaint does not allege sufficient facts to state claims against Defendants Shea, Kelly, or the City as a matter of law, Defendants' Motion is GRANTED.

1

## II. Background

On July 21, 2010, Officers Patricio and Pagan observed Plaintiff sitting behind the wheel of a car parked in front of a fire hydrant on the corner of 167th Street and Walton Avenue in the Bronx, New York. The officers asked Plaintiff for her driver's license, registration, and insurance card. When she was unable to produce valid identification, the officers ran a background check, which revealed Plaintiff had a suspended license. The officers arrested Plaintiff and transported her to the 44th Precinct in the Bronx.

Upon arrival at the stationhouse, Officer Patricio took Plaintiff to the ladies' restroom to perform a strip search. Plaintiff alleges during the strip search, Patricio lifted her shirt and bra, exposing her left breast and caused a laceration thereto. Plaintiff left the restroom and protested to Defendant Pagan and others within the area. Plaintiff states, however, her protests fell on deaf ears. Shortly thereafter, Sergeant Pagan returned Plaintiff to the restroom and performed a body cavity search. Plaintiff states she registered a complaint with "an alleged desk clerk" at the 44th Precinct about the search conducted by Officers Patricio and Pagan. Plaintiff ultimately pled guilty to the unlicensed operation of a motor vehicle and paid a $75 fine.

On January 25, 2011, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 ("§ 1983"), claiming her constitutional rights were violated during the strip-search. On June 13, 2012, Defendants filed a Motion for Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff filed her opposition on July 13, 2012, and Defendants filed a reply on July 26, 2012.

### III. Discussion

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, the Court applies the same standard used for a Rule 12(b)(6) motion to dismiss for failure to state a claim. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006) ("The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."); Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998) (finding the test for evaluating a motion for judgment on the pleadings is the same as a motion to dismiss for failure to state a claim).

When deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pled facts alleged in the Complaint and must draw all reasonable inferences in Plaintiff's favor.

3

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). Claims should be dismissed when enough facts have not been pled to "plausibly give rise to an entitlement for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. If the non-moving party has "not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### A. Claims against Defendants Shea and Kelly

Defendants argue Inspector Shea and Commissioner Kelly did not take part in the alleged illegal strip-search. Further, Plaintiff has provided no facts showing they were aware of the incident involving Plaintiff. Therefore, they cannot be liable as individuals or in their supervisory capacities, so Plaintiff's claims against them must fail as a matter of law.

### 1. Shea & Kelly's Absence from Alleged Illegal Acts

"To state a claim for individual liability under § 1983, 'a plaintiff must demonstrate a defendant's *personal* involvement in the alleged discrimination in order to establish a claim against such defendant in his individual capacity.'" Soundview Assocs.

4


v. Town of Riverhead, No. 09 Civ. 4095 (JFB) (AKT), 2010 WL 2884877, at *17 (E.D.N.Y. July 14, 2010) (quoting Valenti v. Massapequa Union Free Sch. Dist., No. 09 Civ. 977 (JFB) (MLO), 2010 WL 475203, at *8 (E.D.N.Y. Feb. 5, 2010)) (emphasis in original); Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987) ("Absent some personal involvement by Jones [the defendant] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983.").

Plaintiff does not contend Defendants Shea or Kelly were personally involved in the strip-search. On the contrary, Plaintiff concedes that neither Defendant was present. Since Plaintiff has not alleged any personal involvement of Defendants Shea and Kelly, there is no basis for individual liability.

### 2. Supervisory Liability of Shea & Kelly

In Iqbal, the Supreme Court rejected respondent's theory of supervisory liability, holding,

> [R]espondent believes a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution. We reject this argument. Respondent's conception of 'supervisory liability' is inconsistent with his accurate stipulation that petitioners may not be held

>     accountable for the misdeeds of their agents. In a §
>     1983 suit . . . — where masters do not answer for the
>     torts of their servants — the term 'supervisory
>     liability' is a misnomer. Absent vicarious liability,
>     each Government official, his or her title
>     notwithstanding, is only liable for his or her own
>     misconduct. In the context of determining whether
>     there is a violation of clearly established right to
>     overcome qualified immunity, purpose rather than
>     knowledge is required . . . the same holds true for an
>     official charged with violations arising from his or
>     her superintendent responsibilities.

556 U.S. at 677. Prior to the ruling in Iqbal, the Second Circuit announced five factors in Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995), used to determine whether liability could be imposed on a supervisory defendant. "The Second Circuit has yet to rule on the question of whether any or all of the Colon criteria survive the Supreme Court's ruling on Iqbal, and in the interim, courts in this district have been divided as to what forms of supervisory conduct can give rise to § 1983 liability." Fountain v. City of New York, No. 10 Civ. 7538 (BSJ)(KNF), 2012 WL 1372148, at *3 (S.D.N.Y. Apr. 18, 2012) (collecting cases exemplifying the divide in our District).

Here, the Court is not required to decide the extent to which the Colon factors are still applicable because Plaintiff fails to allege any involvement of Defendants Shea and Kelly. The Amended Complaint simply concludes Defendants Shea and Kelly did not properly investigate Plaintiff's claims of abuse and made no "efforts to halt their [the offending officers'] course

6

of conduct, to make redress . . . or to take any disciplinary action whatever against any of their employees." (Am. Compl. ¶¶ 37, 43.) Yet, Plaintiff fails to plead any facts showing Defendants Shea and Kelly were aware of the "commonplace" illegal strip-searches conducted at the 44th Precinct or the individual search of Plaintiff. Thus, Plaintiff's deficient allegations cannot survive on a theory of supervisory liability.

### B. Municipal Claims against the City of New York

According to Defendants, Plaintiff's claim for municipal liability should also be dismissed because the Amended Complaint does not indicate particular City policies or practices, resulting in Plaintiff's alleged injuries. Specifically, Plaintiff does not identify a hiring, training, supervision, or disciplinary procedure that would give rise to municipal liability or plead facts to demonstrate the search was attributable to an unconstitutional policy of the City.

### 1. Legal Standard for Monell Claims

As set forth in Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 690 (1978), a municipality can be held liable under § 1983 if the deprivation of rights under federal law is caused by a governmental custom, policy, or usage of the municipality. See also Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (finding municipalities can be held liable for

"practices so persistent and widespread as to practically have the force of law"). "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)).

Isolated acts by non-policymaking employees are generally not sufficient to demonstrate a custom, policy, or usage justifying municipal liability. Villante v. Dep't of Corr., 786 F.2d 516, 519 (2d Cir. 1986) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)). Where a plaintiff can show only "the isolated misconduct of a single, low-level officer" but has not offered proof of an official policy that led to the constitutional violation, the claim must fail. Tuttle, 471 U.S. at 831 (Brennan, J., concurring); see also Turpin v. Mailet, 619 F.2d 196, 203 (1980), cert. denied, 449 U.S. 1016 (1980) (reversing the jury verdict against the City in § 1983 action where plaintiff "fail[ed] to prove any official policy").

Failure to train or supervise municipal employees can amount to an official policy or custom if the failures result in 'deliberate indifference' to the constitutional rights of

citizens who interact with the municipal employees. Wray, 490 F.3d at 195. "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick, 131 S. Ct. at 1360 (quoting Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 410 (1997)). A plaintiff can prevail by showing the policymaking official was aware of unconstitutional actions taken by an employee and consciously chose to ignore them. Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004).

### 2. Plaintiff's Allegations against City of New York

In conclusory fashion, Plaintiff makes allegations against the City that can best be described as "heavy on descriptive language . . . [but] light on facts." Cuevas v. City of New York, No. 07 Civ. 4169 (LAP), 2009 WL 4773033, at *4 (S.D.N.Y. Dec. 7, 2009). The Amended Complaint contains a plethora of legal conclusions but no facts as to an official policy authorizing, sanctioning, encouraging, or promoting the use of strip-searches against anyone who is arrested by officers of the 44th precinct. Rather, Plaintiff simply asserts the existence of such a policy. (Am. Compl. ¶ 74.) Plaintiff does not identify any shortcomings in training, supervisory, or disciplinary procedures or supply allegations of other incidents where

illegal strip-searches were conducted. Even if Plaintiff's claims amount to a constitutional violation, the allegations in the Amended Complaint demonstrate only "a 'single incident' [which] is not sufficient to prove a custom." Davis v. City of New York, 228 F. Supp. 2d 327, 345 n.34 (S.D.N.Y. 2002) (citing Tuttle, 471 U.S. at 823-24).

Plaintiff's citations in her moving papers[1] to various cases her attorney initiated against officers of the 44th Precinct, in an attempt to show a practice, policy, or custom, are equally unavailing. Unrelated lawsuits premised on completely different factual allegations cannot form the basis of a claim that the City maintains a policy of conducting illegal searches. Moreover, Plaintiff does not provide evidence, or even assert, any of the allegations in these cases have been found credible. Plaintiff's citations are tantamount to unsubstantiated accusations, which are wholly insufficient to support an inference that the 44th precinct has a policy of engaging in unconstitutional searches. See Marcel v. City of New York, No. 88 CIV. 7017 (LLS), 1990 WL 47689, at *9 (S.D.N.Y. Apr. 11, 1990) (finding unsubstantiated complaints do not establish a policy or custom for municipal liability).

---

[1] The Court would also point out these case citations are not contained anywhere in the pleadings.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion for a Partial Judgment on the Pleadings is **GRANTED**. Plaintiff's Fifth Cause of Action for municipal liability against the City of New York is **DISMISSED**. The Clerk of Court is respectfully directed to **DISMISS** Defendants Inspector Dermot F. Shea, Commissioner Raymond Kelly, and the City of New York from this matter in accordance with this Order.

SO ORDERED.

Dated: New York, New York
March 15, 2013

_____
Andrew L. Carter, Jr.
United States District Judge